## Case No. 14,786.

### UNITED STATES v. CHARLES.

[2 Cranch, C. C. 76.] [1]

Circuit Court, District of Columbia. June Term, 1813.

CRIMINAL LAW—CONFESSIONS—INFLUENCE OF HOPE OR FEAR—WITNESS—GRAND JUROR.

1. A confession, made under the influence of hope or fear, cannot be given in evidence.

2. Grand jurors may testify as to the confessions made by the prisoner before them, upon oath, when under examination as a witness against another person.

[Cited in brief in Bressler v. People. 117 Ill. 427, 8 N. E. 62.]

3. Subsequent confessions, after having confessed under the influence of hope or fear, cannot be given in evidence.

Indictment for arson. Mr. Lufborough, the magistrate before whom the prisoner was brought, told him there was evidence enough to commit him at all events, and therefore he had better confess the whole truth, and that probably he would fare the better for it.

THE COURT (nem. con.) refused to suffer the confession to be given in evidence against the prisoner. Peake, Ev. 13; McNal. Ev. 42.

Mr. Jones, for United States, then called some of the grand jurors to testify as to what he swore when examined by the grand jury as a witness against negro Jacob Bruce.

Mr. Key and Mr. Morsell objected, that what he swore cannot be given in evidence against him. McNal. Ev. 47.

But THE COURT overruled the objection.

Mr. Rapine, one of the grand jurors, testified that the prisoner was not told that he need not answer any questions tending to criminate himself.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Key objected to the evidence for want of such caution to the prisoner.

But THE COURT said that the prisoner was presumed to know the law in his favor, without such caution.

Doctor Ott testified, that on the day after the examination of the prisoner by Mr. Lufborough, he was examined by Doctor Ott and Mr. Lufborough as a witness against Jacob Bruce; and after being told that if what he had before stated was not true, he might retract, made the same declaration.

Mr. Key objected, that the prisoner might have been influenced by the hope and fear excited by Mr. Lufborough on the former day. McNal. Ev. 43.

But THE COURT overruled the objection.

The jury found the prisoner guilty, but recommended him to mercy on account of his youth and apparent candor.

On the next day the counsel for the prisoner moved for a new trial, because the confessions of the prisoner, made upon oath, in his examination before the grand jury as a witness against negro Jacob Bruce, were permitted to be given in evidence against him by the testimony of grand jurors.

Mr. Key, for prisoner. There is no case in the books in which a grand juror has been permitted to give such testimony. 12 Vin. Abr. tit. "Evidence," H, pls. 20, 38. Judge Foster refused to suffer a grand juror to disclose the evidence, because sworn to keep secret, &c. So the clerk of the grand jury shall not be allowed to reveal that which was given in evidence before the inquest. McNal. Ev. 253.

Mr. Jones, contra. The rule of law that a witness is not bound to answer any question tending to criminate himself, would be useless if his declarations upon oath could not be given in evidence against him. The same rule applies to an examination before a grand jury. McNal. Ev. 246, 250, 253, 254. General Wilkinson, in Burr's trial, was protected by the rule from testifying anything which might criminate himself; and grand jurors were sworn to testify what General Wilkinson testified before them, to discredit his oath in court. U. S. v. Burr [Case No. 14,692a]. The grand juror's oath only prevents a disclosure of confidential communications by the public functionaries, or by a grand juror to his fellow jurors; it does not prevent him from disclosing when called upon in a judicial manner. The grand jury may hear evidence at the bar (2 Hale, P. C. 159, 160): and it is the practice of the general court in Virginia, in cases of difficulty before the grand jury, to call them to the bar, and have witnesses examined, and to instruct them upon the evidence, as in trials at bar. The grand jury are only to keep secret the king's counsel.

Mr. Key, in reply. The reason of the rule is the confidential nature of the communication. It is on the same reason that the magistrate, or counsel, shall not disclose

what is committed to them. The oath of the grand juror forbids him to disclose any thing. It is all "the counsel of the United States." It is a high misdemeanor in a grand juror to inform the accused of the evidence which has been given against him before the grand jury. 4 Bl. Comm. 126, Tucker's note. The oath in Virginia is different, and that is the reason given by the chief justice, in Burr's case, for permitting Mr. Tazewell, one of the grand jurors, to be examined. The case of a popish priest, is a case of private confidence only; it is not imposed by the law of the land.

If the prisoner has been once induced to confess, by a promise or threat, it is the common practice to reject a subsequent confession of the same, or like facts. In one case it was admitted by Buller, J., but he observed that there must be very strong evidence of an explicit warning by the magistrate not to rely on any expected favor on that account; and it ought most clearly to appear that the prisoner thoroughly understood such warning before his subsequent confession can be given in evidence. 2 East, Crown Law, p. 658, c. 16, § 94.

THE COURT (THRUSTON, Circuit Judge, absent) granted a new trial because the first confession of the prisoner had been made under the impression of fear and hope excited by the observations of the magistrate, (Mr. Lufborough.) And no subsequent confession of the same facts ought to be given against him, according to the law as stated in 2 East, Crown Law, c. 16, § 94.

Upon the new trial he was convicted, and pardoned by the president. See the case of U. S. v. Bruce [Case No. 14,676.]